IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL K., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-1386-BK |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the Social | § | |
| Security Administration, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION**

The parties have consented to proceed before the magistrate judge. Doc. 18. Pending before the Court are the parties' cross-motions for summary judgment. Doc. 26; Doc. 28. After careful consideration of the parties' motions and for the reasons stated herein, Plaintiff's *Motion for Summary Judgment*, Doc. 26, is **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 28, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff seeks judicial review of a final decision by the Commissioner denying his application for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("the Act"). Doc. 1 at 1. Plaintiff filed for benefits in April 2013, claiming that he became disabled in March 2013 due to prostate cancer, hypertension, hypothyroidism, diabetes, Grave's disease, and sleep apnea. Doc. 15-4 at 11; Doc. 15-6 at 2-12. Plaintiff's claims were denied at all administrative levels, and he now appeals to this Court pursuant to 42 U.S.C. §405(g). Doc. 15-3 at 13, 28; Doc. 15-5 at 4.

**B. Factual Background**

Plaintiff was 47 years old on his alleged disability onset date. Doc. 15-4 at 22. He graduated from high school, completed two years of college, and had prior work experience as a mail handler and nursing assistant. Doc. 15-4 at 8; Doc. 15-7 at 15.

In terms of his relevant medical history, the evidence of record reflects that Plaintiff has been diagnosed with obstructive sleep apnea, diabetes, high cholesterol, hypothyroidism, hypertension, hyperlipidemia, chest pain, and obesity. Doc. 15-9 at 71, 87; Doc. 17-10 at 20-21. He also has a history of prostate cancer, Grave's disease, and carpal tunnel syndrome. Doc. 15-9 at 20; Doc. 15-10 at 24; Doc. 17-10 at 20. Additionally, Plaintiff suffers from chronic pain in both of his knees and was diagnosed with arthritis. Doc. 17-10 at 21.

**C. The ALJ'S Findings**

The ALJ found that Plaintiff had the severe impairments of diabetes mellitus, diabetic neuropathy, hypertension, carpal tunnel syndrome, and a history of prostate cancer, obesity, and degenerative joint disease of bilateral knees, but did not have an impairment or combination of impairments that met or medically equaled a listed impairment for presumptive disability under the Code of Federal Regulations ("Regulations"). Doc. 15-3 at 18-19. As relevant here, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that he could only stand and walk for three hours out of an eight-hour day. Doc. 15-3 at 20. Finally, the ALJ concluded that while Plaintiff could not perform his past relevant work, there were other jobs available in the national economy that Plaintiff could perform. Doc. 15-3 at 26-27.

**II. APPLICABLE LAW**

An individual is disabled under the Act if, *inter alia*, he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423 (d)(1)(A). In determining whether an individual is disabled, the Commissioner uses a five-step inquiry: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curium) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* If the claimant satisfies his burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's decision is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g),

1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their assessment of and citation to the evidence of record. The Court is not under any obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment").

### III. DISCUSSION

Plaintiff argues the ALJ's RFC finding is not supported by substantial evidence and is legally erroneous. Doc. 27 at 4. Specifically, Plaintiff claims the ALJ erred in finding that Plaintiff could perform a limited range of light work, while permitting him to perform the lifting and carrying demands of light work without limitation. Doc. 27 at 6-7. As a result, Plaintiff contends the ALJ's finding is inconsistent. Doc. 27 at 6-7.

In response, Defendant argues that the ALJ's RFC finding is supported by substantial evidence because the ALJ correctly applied the Grid Rules at step five of the sequential evaluation. Doc. 28 at 4. Defendant avers that Plaintiff's RFC fell "in the middle" of two exertional levels and therefore warranted vocational expert testimony. Doc. 28 at 4. As a result, Defendant continues, vocational expert testimony was heard in conjunction with the ALJ's use of

4

the Grid Rules, and the ALJ properly concluded that Plaintiff could perform a significant number of jobs in the national economy. Doc. 28 at 6.

An RFC is an assessment, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his impairments. 20 C.F.R. §§404.1545(a), 416.945(a). RFC refers to the most a claimant can do despite his physical and mental impairments. *Id.* The RFC is considered by the ALJ, along with the claimant's age, education, and work experience, in determining whether a claimant can work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In assessing a claimant's RFC, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. SSR 96-8p, 1996 WL 374184; 20 C.F.R. §§ 404.1523, 416.923. The RFC determination falls solely to the ALJ, who alone is responsible for resolving any conflicts in the evidence. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curium).

*RFC is supported by substantial evidence*

The ALJ's RFC determination in this case is supported by substantial evidence. The ALJ considered all of Plaintiff's symptoms and the extent to which they could reasonably be accepted and consistent with the objective evidence. Doc. 15-3 at 21. The ALJ first decided that Plaintiff had underlying medically determinable physical impairments that could reasonably be expected to produce his pain or other symptoms. Doc. 15-3 at 21-22. The ALJ then evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms to determine the extent to which they limited Plaintiff's functioning. Doc. 15-3 at 21-22. Additionally, the ALJ considered

5

the medical opinions of record and the opinion of the state agency medical consultants regarding Plaintiff's capacity to perform basic work activities. Doc. 15-3 at 25. The ALJ gave great weight to the consultants' opinion that Plaintiff could perform the full range of light work except that he may stand and walk for only three hours each day. Doc. 15-3.

Further, the ALJ gave several examples supporting the RFC that were substantiated by the evidence in the record. For instance, as to Plaintiff's diabetes mellitus and diabetic neuropathy, the ALJ noted that those impairments were responsive to treatment when Plaintiff was adherent to his medical regime. Doc. 15-3 at 22. The ALJ further observed that as of March 2015, Plaintiff exhibited no paresthesia, fasciculation, or weakness, and his pain level was three out of ten. Doc. 15-3 at 22. Regarding Plaintiff's degenerative joint disease, the ALJ stated that while medical imaging showed that Plaintiff had a small left knee joint effusion and mild atherosclerotic vascular calcification in the popliteal artery, his range of motion was close to normal in both knees. Doc. 15-3 at 22. Furthermore, the ALJ considered that a January 2015 knee x-ray showed that Plaintiff had only mild chronic degenerative joint disease, and his range of motion was assessed as functional for ambulation with good balance and endurance. Doc. 15-3 at 22. Further, the ALJ noted that by August 2015, Plaintiff's exercise tolerance had improved to the extent that Plaintiff walked on a treadmill and around the hospital and also utilized weights. Doc. 15-3 at 23.

Ultimately, the ALJ concluded that Plaintiff was not disabled and could perform "light work," subject to his ability to stand and walk for only three hours out of an eight-hour day. A vocational expert testified that, under circumstances like Plaintiff's, an individual could make a successful adjustment to other work that exists in significant numbers in the national economy. Doc. 15-3 at 62-63.

6

*The RFC is not inconsistent with the ALJ's other findings*

Moreover, Plaintiff's argument that the ALJ's RFC finding is inconsistent is baseless. Plaintiff deduces that "light work" requires walking and standing for approximately six hours out of an eight-hour work day, but the ALJ specifically included the limitation of standing and walking for only three hours out of an eight-hour work day. Doc. 27 at 5. Moreover, the ALJ's RFC findings are consistent with the Regulations. Light work involves "frequent" lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b); 416.927(b). "Frequent" means a minimum of one-third of the time which, based on an eight-hour workday, is slightly more than two and a half hours. SSR 83-10. Thus, the RFC comports with the Regulations because three hours is within the range defined by the Regulations as "frequent."

Plaintiff reliance on *Villarreal v. Colvin*, 221 F. Supp. 3d 835 (W.D. Tex. 2016) is misplaced. In *Villarreal*, the ALJ found that the claimant could perform a range of light work, but limited her to two hours of standing or walking in an eight-hour work day. *Id.* at 851. Because two hours equates to one-fourth of an eight-hour work day, the court found that light work would require Plaintiff to stand/walk more than the two-hour limit, and the RFC thus contained inherent contradictions and warranted remand. *Id.* at 852. Here, however, the ALJ limited Plaintiff's standing and walking to three hours which, as explained above, falls within the range of time prescribed by the definition of "frequent" under the Regulations. As a result, the ALJ's RFC finding in this case were consistent.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment*, Doc. 26, is **DENIED**, Defendant's *Motion for Summary Judgment*, Doc. 28, is **GRANTED**, and the Commissioner's decision is **AFFIRMED.**

**SO ORDERED** on September 21, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE